UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

STATE OF FLORIDA,

    Plaintiff,

v.                                                             Case No: 8:24-cv-00833-KKM-SPF

PATRICK DWYON JONES,

    Defendant.
_____

## ORDER

    Patrick Jones seeks to remove his pending state criminal proceeding to federal court. Notice of Removal (Doc. 1). Jones argues that his case should be heard in federal court because it involves various federal questions. *See id.* at 1–2. Because I lack jurisdiction over the case, remand is appropriate.

    Under the criminal removal statute, I must summarily remand "[i]f it clearly appears on the face of the notice and any exhibits annexed thereto that removal should not be permitted." 28 U.S.C. § 1455(b)(4). It is clear on the face of Jones's notice of removal that I lack jurisdiction. Jones first cites the federal question statute as grounds for removal, but that jurisdictional grant applies only to "*civil actions* arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. He also cites a statute granting certain

state courts civil jurisdiction over actions to which Indians are parties, but that statute is inapplicable. *See* 28 U.S.C. § 1360. Finally, Jones cites a smattering of constitutional, international law, and human rights issues that he says make removal appropriate. *See* Notice of Removal at 2. These grounds are also unavailing.

Because none of Jones's purported grounds for removal apply to criminal cases and because he fails to make any argument under the appropriate criminal removal statutes, *see* 28 U.S.C. §§ 1442, 1442a, 1443, I conclude that "it clearly appears on the face of the notice and any exhibits annexed thereto that removal should not be permitted." 28 U.S.C. § 1455(b)(4). Thus, summary remand is required.

Accordingly, the following is **ORDERED**:

1. The Clerk is directed to **REMAND** this action to the Circuit Court for the Fifth Judicial Circuit in and for Sumter County, Florida, and to transmit a certified copy of this order to the clerk of that court.

2. The Clerk is further directed to **TERMINATE** any pending motions and deadlines, and to **CLOSE** this case.

**ORDERED** in Tampa, Florida, on April 15, 2024.

Kathryn Kimball Mizelle
United States District Judge